UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHIRLEY A. MILLER                                                                                    PLAINTIFF

VERSUS                                                                CIVIL ACTION NO. 1:09CV211-RHW

CITY OF WAVELAND, MISSISSIPPI et al                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' [42] Motion for Summary Judgment. Plaintiff Shirley A. Miller filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that she was subjected to excessive force in connection with a traffic stop and arrest initiated by Defendant Travis Foreman. Foreman is a law enforcement officer for the City of Waveland. Plaintiff also has sued the City of Waveland for depriving Plaintiff of her constitutional rights, for failure to adequately train, supervise and discipline officers, and for the negligent hiring and supervision of Officer Foreman. Plaintiff additionally raises state law claims of assault and battery against Officer Foreman. On September 3, 2010, ten days prior to the scheduled pre-trial conference, Defendants filed a [62] Supplemental Motion for Summary Judgment, which included deposition testimony of medical providers. This supplemental motion was filed subsequent to the August 16, 2010, motion deadline and without sufficient time for complete briefing prior to the pre-trial conference. Accordingly, the Court will defer ruling on the supplemental motion and carry the motion to trial.

## Factual Background

On August 25, 2007 at approximately noon, Plaintiff was driving in Waveland, Mississippi. City of Waveland police officers Travis Foreman and Darryl Russell were running

stationary radar on Kiln Cutoff Road. Officer Foreman observed Plaintiff driving in excess of the posted speed limit. He initiated a traffic stop. According to Plaintiff's deposition testimony, she admitted to Officer Foreman that she had been speeding but believed she was not traveling more than 45 miles per hour. Officer Foreman requested Plaintiff's drivers license and proof of insurance. He moved to the rear of Plaintiff's vehicle with only her license and began to write out a citation. In the meantime, Miller searched for her insurance card. Upon locating the card, she exited the vehicle to hand the insurance card to Officer Foreman.

At this point, the description of events diverges. For purposes of the motion for summary judgment, the Court will examine the version of events as described by Plaintiff, along with any other undisputed facts and evidence. Plaintiff states that when she offered Foreman the proof of insurance, he screamed "Get back in the truck! Who told you to get out of the truck!" As Plaintiff turned to return to the truck, she noticed that her insurance card had fallen to the ground. She reached down to pick it up, at which point Foreman again screamed at her to get back in the truck. Plaintiff alleges that as she started back to the truck, she stepped on a pine limb, a large part of which stuck to her heel. As she bent down to remove the stick, Plaintiff alleges that Foreman pushed her and continued to scream at her. Plaintiff finally managed to return to the truck and removed the stick from her heel. At this point, she alleges that Foreman screamed at her to get out of the truck and that "I'm going to teach you how to respect me the next time I stop you!" Plaintiff did not immediately get out of the truck, at which point Foreman grabbed her by the left arm and jerked her out of the truck. Foreman then twisted her around several times and slammed her backwards against the cab of the truck. Plaintiff alleges that her head and neck hit the truck. Foreman then spun her around and slammed her face and shoulders into the truck.

Foreman grabbed her shoulders and arms, jerked them back and pinned them behind Plaintiff. He then placed handcuffs on Plaintiff's wrists. As Plaintiff was walking to the police car, Foreman shoved her into the car, causing her upper and lower leg to hit the car door. As a result of this altercation, Plaintiff alleges that she received a scratch on her left wrist from the handcuffs, bruises on her arms, and pain in her left shoulder. Plaintiff alleges that she sought treatment for bruises, back pain, and shoulder pain after the incident, including surgery to repair a torn rotator cuff.

## **Law and Analysis**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

With regard to Plaintiff's claims against Officer Foreman in his individual capacity, a police officer may claim qualified immunity for his discretionary functions. *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). Qualified immunity shields a police officer from civil liability for discretionary functions if his actions were objectively reasonable in light of the clearly established legal rules at the time of the actions. *Id.* In order to establish a claim for excessive force, the plaintiff must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007). The relevant inquiry is whether the force used by the defendant was clearly excessive or clearly unreasonable and whether the totality of the circumstances justified the particular use of force. If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). An officer is protected by qualified immunity even when he reasonably, but mistakenly, believed the circumstances justified using more force than in fact was needed. *Saucier v. Katz*, 121 S.Ct. 2151, 2158 (2001).

Plaintiff alleges injuries stemming from her altercation with Officer Foreman. Although

4

there is a disputed issue regarding the extent and source of the injuries, the Court finds that Plaintiff's injury claims are sufficient to survive a challenge on summary judgment. Taking Plaintiff's allegations as true, the Court further finds that the force used by Officer Foreman was not objectively reasonable in light of the facts and circumstances surrounding the traffic stop. Plaintiff was an elderly woman who had been stopped for speeding and nothing more. There is no evidence that she posed a safety risk to Officer Foreman. According to Plaintiff's testimony, Officer Foreman twisted her around and slammed her twice against the truck and slammed her leg against the police car. She alleges injuries from these alleged acts of force against her.

There is a significant factual dispute as to what actually happened during the traffic stop which prevents the Court from finding as a matter of law that Officer Foreman is entitled to qualified immunity under the facts and circumstances as presented by Plaintiff's testimony. *See Snyder v. Trapagnier*, 142 F.3d 791, 799-800 (5th Cir. 1998). The true version of events remains to be decided, but under the prevailing standards of summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the Plaintiff. In so doing, the Court finds that Plaintiff's claim of excessive force against Officer Foreman survives the motion for summary judgment.

To the extent that Plaintiff alleges that Officer Foreman acting in his official capacity violated Plaintiff's constitutional rights, Plaintiff's claim fails. In order to establish liability against a police officer acting in his official capacity, Plaintiff must establish a municipal policy that caused a deprivation of a recognized constitutional right. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992). As will be explained more fully below, Plaintiff has failed to allege an official policy or practice that caused the deprivation of her constitutional right. Rather,

Plaintiff has alleged a single, isolated, and brief encounter with Officer Foreman during a traffic stop.

Plaintiff also has sued the City of Waveland. A city is not liable for constitutional violations committed by its employees unless those violations result directly from a municipal custom or policy. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). It is only when the execution of a government's policy or custom inflicts the injury that the government may be found liable. *Monell v. Dep't of Social Services*, 436 U.S. 658, 679-80 (1978). Municipal liability may not be predicated on a theory of *respondeat superior*. *Sanders-Burns*, 594 F.3d at 380. Moreover, isolated violations do not constitute custom and policy. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984).

The Plaintiff's lawsuit is based on an isolated instance of alleged excessive force by an individual police officer. Plaintiff's complaint fails to allege a specific policy or custom as the basis of the City of Waveland's liability and fails to explain how any custom or policy caused her injury. Plaintiff generally asserts, but without any supporting factual basis, that the City failed to adequately train, supervise, or discipline Officer Foreman and that the City should not have hired or retained Officer Foreman. Defendants argue that the City of Waveland is entitled to qualified immunity based on Plaintiff's failure to identify the requisite policy or custom

In her response to the motion for summary judgment, Plaintiff does not attempt to identify the policy or custom that resulted in her injury. Rather, she merely argues that the City of Waveland has "been unable and has failed to provide to the Plaintiff" through the discovery process documents that would reflect "a policy, common practice and custom of excessive use of force claims against the Defendant, Officer Foreman". Defendants represent that some

responsive documents were either destroyed by Hurricane Katrina or may have been lost during the City of Waveland's move from a temporary location to its present location. In short, Plaintiff's response essentially concedes that she has not identified a policy or custom nor has she provided any significant probative evidence of a municipal policy or custom that resulted in her injury. Although Plaintiff raises some concerns about the completeness of Defendants' discovery responses, at no time during the course of litigation has Plaintiff filed a motion to compel or sought any relief from this Court regarding discovery. Regardless, there is considerable precedent calling into question whether a single incident of excessive force, such as that alleged by Plaintiff, could result in municipal liability based on the training, hiring, or supervising of the municipality's employees. *See Board of County Comm. of Bryan County v. Brown*, 520 U.S. 397, 404 (1997); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381-85 (5th Cir. 2005); *Gros v. City of Grand Prarie*, 209 F.3d 431, 434 (5th Cir. 2000). Therefore, the Court finds that Defendants' motion for summary judgment should be granted with respect to this issue.

Defendants also argue that any state law claims are barred by applicable statutes of limitation. The intentional torts of assault and battery and intentional infliction of emotional distress are specifically covered by the one-year statute of limitations in Miss. Code § 15-1-35. *See Chitty v. Terracina*, 16 So.3d 774, 777 n.4 (Miss. App. 2009). Thus, Plaintiff's claims for these intentional torts are barred. As for Plaintiff's state law claims against the City of Waveland, including her claims of negligent hiring, training and supervision, the Mississippi Tort Claims Act (MTCA) provides the exclusive route for filing suit against a governmental entity and its employees. *See* Miss. Code Ann. §§ 11-46-7 & 11-46-9; *City of Jackson v. Sutton*, 797 So.2d 977, 979 (Miss. 2001). The MTCA provides generally for a one-year statute of

7

limitations. *See* Miss. Code Ann. § 11-46-11(3). The Legislature did not intend for MTCA limitations provision to be subordinate to other general statutes of limitations or legal doctrines. *Ellisville State School v. Merrill*, 732 So.2d. 198, 202 (Miss. 1999). The one-year statute of limitations controls all actions brought under the MTCA. *Stockstill v. State*, 854 So.2d 1017, 1021 (Miss. 2003); *Marcum v. Hancock County School District*, 741 So.2d 234, 236-7 (Miss. 1999).

The incident occurred on August 25, 2007. Plaintiff filed the complaint on March 7, 2009. Plaintiff does not argue that any tolling should apply. Nor is there is any indication in the record that would support tolling of the statute of limitations. Plaintiff argues, though without citation to any authority, that a three-year statue of limitations applies to her negligence claims against the City of Waveland. Contrary to Plaintiff's assertion, the Mississippi courts have applied the MTCA and its one-year statute of limitations to negligence claims brought against governmental entities and their employees. *See McDonald v. Memorial Gen'l Hospital at Gulfport*, 8 So.3d 175, 179 (Miss. 2009); *Doe v. State ex rel. Mississippi Dept. of Corrections*, 859 So.2d 350, 360-61 (Miss. 2003)(applying one-year limitation to claim of negligent supervision of parole officer); *Bridges v. Pearl River Valley Water Supply Dist.*, 793 So.2d 584, 586-87 (Miss. 2001)(negligent hiring, training, and supervision claims); *Farmer v. Bolivar County*, 910 So.2d 671, 672-73 (Miss.App. 2005)(negligence claim against county and city for failure to maintain property). Based on the foregoing, the Court finds that any and all of Plaintiff's state law claims are now time-barred and that Defendants' motion for summary judgment should be granted with respect to any state law claims.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [42] Motion for

Summary Judgment is GRANTED in part and DENIED in part. The Court defers ruling on the [62] Supplemental Motion for Summary Judgment. The only remaining issue for trial is whether Defendant Travis Foreman violated Plaintiff's constitutional right by using excessive force during the traffic stop and arrest of August 25, 2007. All claims against the City of Waveland are hereby dismissed with prejudice.

SO ORDERED, this the 8th day of September, 2010.

s/ *Robert H. Walker*  
UNITED STATES MAGISTRATE JUDGE